PER CURIAM.
After the Tax Court judge heard extensive evidence on plaintiffs complaint challenging the assessed value of real estate for the tax years 1990 through 1992, he entered judgments. The judgments, consonant with the judge’s extensive opinion, set the true land value of the property at $9,670,000 for tax year 1990; $45,065,700 for tax year 1991; and $39,290,400 for tax year 1992. Defendant, Township of Weehawken, appeals. We affirm.
Our scope of review is narrowly circumscribed.
The judges presiding in the Tax Court have special expertise; for that reason their findings will not be disturbed unless they are plainly arbitrary or there is a lack of substantial evidence to support them.
[Glenpointe Assoc. v. Township of Teaneck, 241 N.J.Super. 37, 46, 574 A.2d 459 (App.Div.), certif. denied, 122 N.J. 391, 585 A.2d 392 (1990).]
After review of the record, we are satisfied there is substantial credible evidence to sustain the judge’s valuations of the subject property. Consequently, we affirm for essentially the reasons expressed by Judge Crabtree in his extensive opinion decided April 4, 1994, but add several comments.
Contrary to defendant’s contention, rejection of expert valuation on the ground that the magnitude of adjustments to a sales price destroys its probative value is a well-recognized practice. M.I. Holdings, Inc. v. Jersey City, 12 N.J.Tax 129 (Tax 1991); Owens-Illinois Glass Co. v. Bridgeton, 8 N.J. Tax 495 (Tax 1986). Defendant’s adjustments ranging from 90% to 140% essentially admit on their face the sales offered were neither comparable to nor probative of the subject property’s value. See Badische Corp. v. Kearny, 11 N.J.Tax 385 (Tax 1990).
Furthermore, defendant’s argument that the judge accepted plaintiffs expert’s valuation and rejected that of defendant’s *212 expert even though the latter was equally probative of value is without merit. In fact, the judge rejected plaintiffs sales 3, 7, and 8 because of the magnitude of gross adjustments to the sales prices. Because the non-time related gross adjustments to plaintiffs comparable sales ranged from 35% to 55% compared to defendant’s 90% to 140%, the judge was justified in accepting plaintiffs comparables and rejecting those of defendant.
The judge was , also justified in rejecting defendant’s per acre method of valuation in favor of a buildable density approach to determining value in light of the property’s highest and best use as a mixed use planned community. See Frieman v. Randolph Tp., 8 N.J.Tax 264, 273 (Tax 1986), aff'd, 216 N.J.Super. 507, 524 A32d 453 (App.Div.1987) (explaining that it is practicable to value land sold for multi-family residential development by the number of units that can be built on the property); Badische v. Kearny, supra, 11 N.J. Tax at 394 (explaining that the valuation approach most suitable depends on the facts of the case). Zoning approvals for Port Imperial South demonstrated that the open space requirements and height limitations of the subject property restricted the acreage actually available for development.
In sum, defendant’s challenges to the judge’s findings and conclusions fail to establish any basis for disturbing the judgments at issue.
Affirmed.